1    **WO**

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9

10   Truck Insurance Exchange,           )
                                          )
11           Plaintiff,                   )      No. CV-10-8191-PCT-PGR
                                          )
12       vs.                             )
                                          )
13   The Manitowoc Company, et al.,       )              ORDER
                                          )
14           Defendants.                  )

15

16          Defendant American Shizuki Corporation removed this action on October

17   10, 2010 solely on the basis of diversity of citizenship jurisdiction.  In two prior

18   orders (Docs. 7 & 13), the Court ordered the removing defendant, who has the

19   burden of establishing that this Court has subject matter jurisdiction over this

20   action, to amend its notice of removal to provide additional information regarding

21   the citizenship of plaintiff Truck Insurance Exchange ("TIE") based on the Court's

22   serious concern as to whether TIE is in fact diverse from all of the defendants.

23   As the Court has made clear to the parties, the resolution of the jurisdictional

24   issue depends, in the first instance, on whether there is a legal basis for the

25   allegation in the Amended Notice of Removal of Civil Action (Doc. 8) that TIG is a

26   citizen of California because it is a California corporation with its principal place of

business in California, or whether it is instead an unincorporated association under California law.

Rather than refuting the federal case law cited to it by the Court in its last order (Doc. 13) which noted that TIG is an unincorporated association for purposes of diversity jurisdiction, the removing defendant filed a Motion to Continue Deadline and to Conduct Early Discovery (Doc. 14), wherein it requests that it be allowed to take early discovery limited in part to "questions about TIE's legal structure, place of incorporation (as appropriate), principal place of business, name and identity of each member of the unincorporated association (as appropriate), and information related to the citizenship of each member."[1]

Leaving aside the fact that the removing defendant has conspicuously failed to cite to any legal authority permitting it to take post-removal subject matter jurisdiction-related discovery under the circumstances present here, the Court concludes that its request to take jurisdictional-related discovery regarding TIE's legal structure is neither appropriate nor necessary because the Court finds as a matter of law that TIE is an unincorporated association for purposes of diversity of citizenship jurisdiction.[2]

---

[1]    The fact that TIG states in its response to the removing defendant's motion that it does not oppose the removal of this action is of absolutely no legal relevance as it is axiomatic that "parties ... cannot create federal court subject matter jurisdiction by stipulation." Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 n.1 (9th Cir.1993); see also, United States v. Ceja-Prado, 333 F.3d 1046, 1049 (9th Cir.2003) (noting that a federal court has the independent obligation to address sua sponte whether it has subject matter jurisdiction and that "courts have not allowed jurisdiction to depend on either malfeasance or well-intentioned agreement of the parties.")

[2]    While the Court may have the discretion to allow some types of post-removal jurisdictional discovery, it is certainly not required to permit it, see Abrego

- 2 -

1    First, the Court concludes, as set forth by TIG in its corporate disclosure

2 statement (Doc. 12), that TIE is a reciprocal or interinsurance exchange

3 organized pursuant to the California Insurance Code and that it is owned by its

4 subscribers or policyholders.  Under California law, an interinsurance exchange is

5 not a corporation, Industrial Indemnity Exchange v. State Board of Equalization,

6 161 P.2d 222, 225 (Calif.1945), but is rather "an unincorporated business

7 organization of a special character in which the participants, called subscribers

8 (or underwriters) are both insurers and insureds[.]" Industrial Indemnity Co. v.

9 Golden State Co., 256 P.2d 677, 680 (Cal.App.1953).  The California appellate

10 courts specifically recognize that TIE is an unincorporated association. *See e.g.*,

11 Ulwelling v. Crown Coach Corp., 206 Cal.App.2d 96, 129, 23 Cal.Rptr. 631, 650

12 (1962) ("Truck Insurance Exchange is an unincorporated association of policy

13 holders organized as an inter-insurance exchange[.]"); R&B Auto Center, Inc. v.

14 Farmers Group, Inc., 140 Cal.App.4th 327, 362, 44 Cal.Rptr.3d 426, 455 (2006)

15 ("Truck Insurance [Exchange] is a reciprocal or interinsurance exchange. ... An

16 interinsurance exchange is an unincorporated business organization made up of

17 subscribers and managed by an attorney-in-fact."); Tran v. Farmers Group, Inc.,

18 104 Cal.App.4th, 1202, 1207 & 1210, 128 Cal.Rptr.2d 728, 731 & 733-34 (2002)

19

20 Abrego v. The Dow Chemical Co., 443 F.3d 676, 691 (9th Cir.2006) (noting that its
prior decisions do not indicate that subject matter jurisdiction-related discovery "is

21 *required*") (emphasis in original), and the Court will deny the removing
defendant's request that it be allowed at this time to "seek a certified copy of the

22 insurance policy under which TIE obtained its insurance rights, as the information
contained therein will be material in determining whether some subsidiary

23 corporate insurer is actually involved."  If that information was determinative of
this Court's subject matter jurisdiction then the removing defendant should have

24 obtained it prior to removing this action on the basis of diversity jurisdiction.  The
Court's only concern at this time is whether it has diversity jurisdiction over this

25 action based on the parties currently before it.

26

1   (noting that Truck Insurance Exchange is a reciprocal insurer, also known as an

2   interinsurance exchange, and that an interinsurance exchange is an

3   unincorporated business organization.)

4        Second, federal courts considering the legal status of Truck Insurance

5   Exchange for diversity of jurisdiction purposes have also specifically found it to be

6   an unincorporated association. *See e.g.*, <u>Dally Properties, LLC v. Truck Insurance</u>

7   <u>Exchange</u>, 2006 WL 2091151, at *1 (W.D.Wash.2006) (In remanding the action

8   for lack of diversity jurisdiction, court noted that "Truck [Insurance Exchange] is

9   not a 'foreign corporation' but rather an unincorporated association enjoying

10  citizenship in every state in which it has a subscriber[.]); <u>Country Rock Cafe, Inc.</u>

11  <u>v. Truck Insurance Exchange</u>, 417 F.Supp.2d 399, 402-03 (S.D.N.Y.2006) (Court,

12  in finding that it lacked diversity jurisdiction, determined that Truck Insurance

13  Exchange was an unincorporated association for diversity purposes); <u>Adolph</u>

14  <u>Coors Co. v. Truck Insurance Exchange</u>, 2005 WL 486580 (D.D.C. Feb. 28,

15  2005) (Court, relying on California law stating that reciprocal insurance

16  exchanges are unincorporated business organizations, remanded action removed

17  by Truck Insurance Exchange for lack of diversity jurisdiction because it found

18  that it was an unincorporated entity which was a citizen of the states in which its

19  members were citizens); <u>Truck Insurance Exchange v. The Dow Chemical Co.</u>,

20  331 F.Supp. 323, 324-25 (W.D.Mo. 1971) (Court, in dismissing the case for lack

21  of diversity jurisdiction, determined that the citizenship of Truck Insurance

22  Exchange was the citizenship of each of its members because it is "a reciprocal

23  insurance exchange composed of a number of members acting as an

24  unincorporated association.")

25        Since the citizenship of an unincorporated association is the citizenship of

26

- 4 -

each of its members, the only remaining diversity-related issue of concern to the Court at this time is whether TIG has any members who are citizens of Wisconsin or Nebraska, which are the states of which the defendants are citizens.  Since TIG is owned by its subscribers, they are its members for purposes of determining TIG's citizenship.[3]  In order to more speedily resolve this issue, and in light of TIG's statement in its response to the removing defendant's motion that "[i]f there is specific information that the Court needs beyond that contained in TIE's corporate disclosure TIE will supply it[,]" the Court will require TIG to file an affidavit or declaration with the Court from an appropriate official setting forth whether, as of the time this action was commenced in state court, which was May 27, 2010, and as of the time this action was removed, which was October 1, 2010, any subscriber of TIG was a citizen of Wisconsin or Nebraska. *See* Themis Lodging Corp. v. Erie Insurance Exchange, 2010 WL 2817251, at *1 (N.D.Ohio July 16, 2010) (In dismissing an action for lack of diversity jurisdiction, the court stated that courts make no legally significant distinction between a "subscriber" or a "member" of a reciprocal insurance exchange, which it noted was an unincorporated business organization, in determining the citizenship of the exchange.)  Therefore,

IT IS ORDERED that defendant American Shizuki Corporation's Motion to Continue Deadline and to Conduct Early Discovery (Doc. 14) is granted solely to

---

[3]    As the California Court of Appeals has explained in reference to the subscribers of a reciprocal insurance exchange regulated by the California Insurance Code, "[t]he subscribers furnish their premium deposits, the means required for losses and costs, reserves and surpluses of the reciprocal insurance of them all, and therefore are entitled to the equity in the assets of the Exchange subject to the purpose for which they have furnished said means." Industrial Indemnity Co. v. Golden State Co., 256 P.2d at 680.

the extent that plaintiff Truck Insurance Exchange shall no later than **noon on December 15, 2010** file a notice with the Court, supported by the affidavit or declaration of an appropriate official, setting forth whether any of its members were citizens of Wisconsin or Nebraska as of the dates this action was commenced in state court and was removed to this Court.

DATED this 1st day of December, 2010.

Paul G. Rosenblatt
United States District Judge