**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Truck Insurance Exchange, | |
| Plaintiff, | No. CV-10-8191-PCT-PGR |
| vs. | (Yavapai County Superior Court No. P1300CV201000897) |
| The Manitowoc Company, et al., | |
| Defendants. | ORDER OF REMAND |

Defendant American Shizuki Corporation removed this action on October 1, 2010 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  On October 5, 2010, the Court entered an order requiring American Shizuki to file an amended notice of removal in order to cure deficiencies in its jurisdictional allegations, including those related to plaintiff Truck Insurance Exchange ("TIE").  On October 14, 2010, American Shizuki filed an Amended Notice of Removal of Civil Action in which it stated in part that "Plaintiff is a California corporation with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010."  On October 20, 2010, TIE filed its corporate disclosure statement in which it stated that it "is a reciprocal or interinsurance exchange organized pursuant to the California Insurance Code"

and that it "is owned by its subscribers or policyholders."

Based on its serious concerns as to whether TIE is in fact a corporation as alleged, which were based on cited federal case law noting that TIE, as an interinsurance exchange, is an unincorporated association for diversity jurisdiction purposes, the Court entered an order on October 20, 2010 that required American Shizuki to file an addendum to its amended notice of removal explaining the legal and factual bases for its allegation that TIE is a California corporation. Rather than doing that, American Shizuki filed a motion on November 8, 2010 wherein it in part requested the opportunity to conduct jurisdiction-related discovery related to TIE. On December 1, 2010, the Court entered an order that denied American Shizuki's motion based on its determination that TIE, as a matter of California and federal case law, is an unincorporated association and as such its citizenship for diversity of jurisdiction purposes is that of each of its members. Since the defendants in this action are citizens of Wisconsin or Nebraska, the Court required TIE to inform the Court as to whether any of its subscribers were citizens of Wisconsin or Nebraska at the time this action was commenced in state court and at the time it was removed. On December 13, 2010, TIE filed a certification stating that its policyholders are its member/owners and that in the last six months it had members who resided in both Nebraska and Wisconsin. On January 6, 2011, the Court ordered American Shizuki to show cause why this action should not be remanded for lack of diversity of citizenship jurisdiction. On January 14, 2011, American Shizuki filed its response stating that in light of TIE's membership certification it is unable to show cause why this action should not be remanded on lack of diversity grounds.

It is axiomatic that federal jurisdiction under § 1332(a) requires complete

diversity of citizenship between parties opposed in interest.  Since it is clear that complete diversity is absent here, given that TIE is in part both a citizen of Wisconsin, as are defendants The Manitowoc Company and Manitowoc Food Service Companies, LLC, and a citizen of Nebraska, as is removing defendant American Shizuki, the Court finds that it has no diversity of citizenship jurisdiction over this action.  Therefore,

IT IS ORDERED that the Order Setting Scheduling Conference (Doc. 11) is vacated.

IT IS FURTHER ORDERED that this action is remanded to the Yavapai County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

DATED this 16th day of January, 2011.

Paul G. Rosenblatt
United States District Judge